**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hector DIAZ–ZANOLETTI, also known
as Hector Diaz, Defendant–
Appellant.**

**No. 06–40242
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 13, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Brent Evan Newton, Assistant Federal Public Defenders, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM: *

█ Appealing the Judgment in a Criminal Case, Hector Diaz–Zanoletti raises arguments that are foreclosed by *United States v. Murillo–Lopez,* 444 F.3d 337, 344–45 (5th Cir.2006), which held that a California conviction for burglary of an inhabited dwelling house was equivalent to burglary of a dwelling and therefore was a crime of violence under U.S.S.G. § 2L1.2, and by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.